**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

JOSHUA MALAVE-SYKES,

                              Plaintiff,

        v.                                              3:25-cv-01547 (AMN/DJS)

CHILDREN'S HOME OF WYOMING
CONFERENCE and GEORGE T.
DERMODY,

                              Defendants.

_____

**APPEARANCES:**

**JOSHUA MALAVE-SYKES**
15 Delaware Avenue – Apt. 245
Endicott, New York 13760
Plaintiff _pro se_

**Hon. Anne M. Nardacci, United States District Judge:**

**ORDER**

**I.      INTRODUCTION**

        On November 3, 2025, Plaintiff _pro se_ Joshua Malave-Sykes commenced this action

against his former employer, Children's Home of Wyoming Conference ("Children's Home"), and

the Chief Executive Officer ("CEO") of Children's Home, George T. Dermody, alleging that

Defendants unlawfully discriminated against him based on his race and disability in violation of

Title VII of the Civil Rights Act of 1964 ("Title VII"), and that Defendants denied him overtime

pay and retaliated against him in violation of the Fair Labor Standards Act ("FLSA").  _See_ Dkt.

No. 1 ("Complaint").

        This matter was referred to United States Magistrate Judge Daniel J. Stewart, who reviewed

the Complaint pursuant to 28 U.S.C. § 1915(e), and on December 23, 2025, recommended that the

Complaint be dismissed with leave to amend, with the exception of Plaintiff's Title VII claim against Defendant Dermody, which Magistrate Judge Stewart recommended be dismissed with prejudice because it cannot be cured by a better pleading. *See* Dkt. No. 6 at 6-7.[1] Magistrate Judge Stewart advised that, pursuant to 28 U.S.C. § 636(b)(1), Plaintiff had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id*. at 7-8. On January 6, 2026, Plaintiff filed objections to the Report-Recommendation, *see* Dkt. No. 8, and an Amended Complaint. Dkt. No. 9.

The Court reviews the sufficiency of the allegations in Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915.[2] Following that review, and for the reasons discussed below, Plaintiff's Amended Complaint is dismissed without prejudice and with leave to amend as to Plaintiff's NYSHRL and FLSA claims against all Defendants, and Plaintiff's Title VII and ADA claims against Children's Home.

## II.    STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc.*

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

[2] The Court does not review the Report-Recommendation assessing the sufficiency of the allegations in the Complaint, given the subsequent filing of an Amended Complaint. *See* Dkt. No. 9.

*Sec.*, No. 21-cv-1138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). "A complaint filed *pro se* "must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan*, 289 F. Supp. 2d at 295 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). "This is particularly so when the *pro se* plaintiff alleges that her civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citation omitted). After appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III.    DISCUSSION

On January 6, 2026, Plaintiff filed an Amended Complaint reciting a wide array of federal and state law. *See generally* Dkt. No. 9. Plaintiff's Amended Complaint makes additional allegations in support of his Title VII and FLSA claims. The Amended Complaint also adds Weldon Sickler, Plaintiff's immediate supervisor, as a defendant, and appears to raise additional claims under the Americans with Disabilities Act of 1990 ("ADA"), the New York State Human Rights Law ("NYSHRL"), the First Amendment, and Article 6(A) of the New York State Public Service Law (the "Personal Privacy Protection Law" or "PPPL"). *See generally id.*

3

After *de novo* review, the Court considers the sufficiency of the allegations in the Amended Complaint pursuant to 28 U.S.C. § 1915 and finds that the Amended Complaint suffers from various deficiencies, which the Court briefly outlines below.

First, to the extent that Plaintiff seeks to bring his Title VII and ADA claims against Defendants Dermody and Sickler, such claims must be dismissed with prejudice because Title VII and the ADA do not provide for individual liability. *See Cayemittes v. City of New York Dep't of Hous. Pres. & Dev.*, 641 F. App'x 60, 61-62 (2d Cir. 2016) (affirming dismissal of Title VII claims against individual defendants "because Title VII does not provide for individual liability" (collecting cases)); *Perros v. Cnty. of Nassau*, 238 F. Supp. 3d 395, 402 n.3 (E.D.N.Y. 2017) (noting that "it is well-established that there is no individual liability under the ADA . . . whether the individual is sued in their official or individual capacity" (collecting cases)).

Second, Plaintiff fails to plead a discrimination claim under Title VII or the NYSHRL as against Children's Home.  To assert a discrimination claim under Title VII or the NYSHRL, a plaintiff must allege facts showing that "(1) the employer took adverse action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision," which can be shown "by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015) (citation omitted).  "A plaintiff may demonstrate circumstances giving rise to an inference of discrimination by alleging that he was treated less favorably than similarly situated employees[.]" *Brown v. Daikin Am. Inc.*, 756 F.3d 219, 229 (2d Cir. 2014).  "An employee is similarly situated to co-employees if they were (1) subject to the same performance evaluation and discipline standards and (2) engaged in comparable conduct." *Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 493-94 (2d Cir. 2010) (internal

quotation marks and citation omitted).  Here, Plaintiff alleges that Defendants provided two white custodians with promotional opportunities and more favorable scheduling.  *See* Dkt. No. 9-1 at 2. Specifically, Plaintiff alleges that other white employees were assigned to Children's Home's Endicott facility, which is located near Plaintiff's residence.  *See* Dkt. No. 9-2 at 14.  However, Plaintiff does not allege facts indicating that these employees were similarly situated to Plaintiff, specifically, whether they were probationary employees, like Plaintiff, who were employed by Children's Home for a period of less than six months.  *See id.* at 87.[3]

Third, to the extent that Plaintiff raises a hostile work environment claim under Title VII against Children's Home, Plaintiff fails to sufficiently plead facts indicating that Defendants' conduct "(1) is objectively severe or pervasive . . .; (2) creates an environment that the plaintiff subjectively perceives as hostile or abusive; and (3) creates such an environment because of the plaintiff's race."  *Hughes v. Xerox Corp.*, 37 F. Supp. 3d 629, 646 (W.D.N.Y. 2014) (quoting *Patane v. Clark,* 508 F.3d 106, 113 (2d Cir. 2007) (per curiam)) (internal quotation marks and alterations omitted).  Here, the only conduct that Plaintiff relies upon to substantiate this claim is that Defendant Sickler yelled profanities and threatened to terminate Plaintiff's employment

---

[3] To the extent that Plaintiff raises a retaliation claim under Title VII or the NYSHRL, Plaintiff fails to link his termination to protected activity (*i.e.*, opposition to statutorily prohibited discrimination).  *See Krul v. Brennan*, 501 F. Supp. 3d 87, 99 (N.D.N.Y. 2020) (quoting *Vega*, 801 F.3d at 90) (explaining that to state a claim of retaliation under Title VII, a plaintiff must plausibly plead a connection between the alleged retaliatory act and engagement in a protected Title VII activity); *see also Ronen v. RedRoute, Inc.*, 763 F. Supp. 3d 319, 333-34 (E.D.N.Y. 2025) (noting that demonstrating causation under NYSHRL aligns with the standard under NYCHRL, which requires that the protected activity be a motivating factor in the adverse action).  While Plaintiff has alleged that he filed a series of grievances seeking overtime compensation and a pay raise, *see* Dkt. No. 9 at 1-2, 5, Plaintiff does not allege that he complained of discriminatory treatment on the basis of his race.  *See, e.g., Harris v. Off. of N.Y. State Comptroller*, No. 20-cv-8827, 2022 WL 814289, at *17 (S.D.N.Y. Mar. 17, 2022) (dismissing retaliation claim where plaintiff "failed to allege that he engaged in protected activity" because he "d[id] not allege that he ever explicitly raised the issue of gender discrimination when he complained").

because he refused to perform work duties outside of his job description after the conclusion of his work shift. *See* Dkt. No. 9-2 at 2. But Plaintiff fails to allege any connection between such conduct and a protected characteristic. *See Choudhury v. Northwell Health, Inc.*, No. 23-cv-1406, 2025 WL 2300220, at *8 (E.D.N.Y. Aug. 8, 2025).

Fourth, Plaintiff fails to plead a discrimination claim under the ADA against Children's Home. To plead a claim of discrimination under the ADA, Plaintiff must allege that "(1) his employer is subject to the ADA; (2) he was disabled within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) he suffered adverse employment action because of his disability." *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 169 (2d Cir. 2006)). In his Amended Complaint, Plaintiff alleges that he has depression and a speech impairment. *See* Dkt. No. 9 at 6. However, Plaintiff's allegations, without more, are insufficient to establish that Plaintiff is disabled. *See Fitzgerald v. We Co.*, No. 20-cv-5260, 2022 WL 952963, at *7 (S.D.N.Y. Mar. 30, 2022) (explaining that a plaintiff claiming to be disabled must "(1) show that [he] suffers from a physical or mental impairment; (2) identify the activity claimed to be impaired, and establish that it constitutes a major life activity; and (3) show that [his] impairment 'substantially limits' the major life activity in question" (quoting *Weixel v. Bd. of Educ. of City of New York*, 287 F.3d 138, 147 (2d Cir. 2002))). Additionally, even if Plaintiff had sufficiently alleged that he was disabled, Plaintiff fails to allege any facts from which the Court could plausibly infer that he was terminated because of his disability.

Fifth, Plaintiff fails to show that Children's Home is subject to the FLSA. To establish liability under the FLSA, Plaintiff must show that: (i) Defendant Children's Home is an employer subject to the FLSA, (ii) Plaintiff is an employee within the meaning of the FLSA, and (iii) the

employment relationship is not exempted from the FLSA. *Sanchez v. Ms. Wine Shop Inc.*, 643 F. Supp. 3d 355, 366 (E.D.N.Y. 2022) (citation omitted). An employer is subject to the FLSA if "(1) their employees are 'engaged in commerce,' or (2) the employer is an 'enterprise engaged in commerce.'" *Id.* at 366-67 (quoting 29 U.S.C. §§ 206, 207) (citation omitted). Here, Plaintiff's allegations are insufficient to establish that Children's Home is an employer subject to the FLSA. An employer is an "enterprise engaged in commerce" if it "has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and has an "annual gross volume of sales made or business done of not less than $500,000." *Yanchaliquin v. Chuqui Builders Corp.*, No. 23-cv-504, 2023 WL 7299810, at *3 (N.D.N.Y. Nov. 6, 2023) (quoting 29 U.S.C. § 203(s)(1)(A)(i)-(ii)) (alterations omitted). Plaintiff fails to allege specific facts demonstrating that Children's Home meets the $500,000 gross annual sales or business threshold. Alternatively, Plaintiff also fails to plead that he was engaged in commerce or in the production of goods for commerce. *See Sanchez*, 643 F. Supp. 3d at 367 (defining "commerce" as "trade, commerce, transportation, transmission, or communication" among several states or between any state and any place outside of it) (quoting 29 U.S.C. § 203(b)). Plaintiff's Amended Complaint fails to indicate whether Plaintiff traveled outside of New York as part of his job, whether he had any contact with out-of-state customers or businesses, or whether the objects he used were delivered from outside New York State.

Sixth, to the extent that Plaintiff brings FLSA claims against Defendants Dermody and Sickler, Plaintiff fails to sufficiently allege that they exercised the requisite level of control to qualify as employers under the FLSA. "The FLSA permits an individual within a company that employs a worker to be held personally liable for damages as that worker's employer." *Nokaj v. Pappas New York*, No. 24-cv-1076, 2025 WL 2380403, at *2 (S.D.N.Y. Aug. 15, 2025) (internal

quotation marks, citation, and alterations omitted).  "Courts consider four factors to determine whether someone is an employer on a theory of formal control: 'whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.'"  *Id.* at *3 (quoting *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984)).  Here, while Plaintiff alleges that Defendant Sickler is Plaintiff's immediate supervisor, Plaintiff fails to allege whether Defendant Sickler had the authority to hire and fire employees, determine his rate of pay, maintain employee records, or control his work schedule. Likewise, while it appears that Defendant Dermody is the CEO of Children's Home, *see* Dkt. No. 9-2 at 47, Plaintiff has not alleged whether Defendant Dermody exercises operational control over Children's Home employees.  *See Irizarry v. Catsimatidis*, 722 F.3d 99, 110 (2d Cir. 2013) (affirming CEO as "employer" subject to FLSA, noting that "[a] person exercises operational control over employees if his or her role within the company, and the decisions it entails, directly affect the nature or conditions of the employees' employment" but the person does not need to "directly come into contact with the [employees], their workplaces, or their schedules").

Lastly, Plaintiff alleges that Defendant Sickler violated Plaintiff's First Amendment rights and the PPPL by sharing the nature of his pending lawsuits with other coworkers without his knowledge or consent.  Dkt. No. 9 at 3; Dkt. No. 9-1 at 3.  The First Amendment does not contain a constitutional right to privacy of this type.  To the extent that Plaintiff asserts a violation of his right to privacy protected by the Due Process Clause of the Fourteenth Amendment, it "can be violated only by conduct that may be fairly characterized as 'state action.'"  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982).  Here, the actions of Defendants—a private corporate entity and private employees—do not constitute state action.  *See Johnson v. Carpenter Tech. Corp.*, 723

F. Supp. 180, 185 (D. Conn. 1989) (noting that "in the context of an employee's claim against a private employer," a right to privacy "has little force because it protects against incursions by the government and persons acting as government agents"). Plaintiff's PPPL claim also fails because there is no private right of action under the PPPL and the law only applies to "agencies," as defined by Section 92(1) of the PPPL. *See Eckert v. City of Buffalo*, No. 22-cv-540, 2025 WL 2836547, at *21, 21 n.34 (W.D.N.Y. Oct. 6, 2025) (citing, *inter alia*, *Lawrence v. State*, 688 N.Y.S.2d 392, 395-96 (N.Y. Ct. Cl. 1999)).

Accordingly, the Amended Complaint is dismissed with leave to amend as to Plaintiff's NYSHRL and FLSA claims against all Defendants, and Plaintiff's Title VII and ADA claims as to Children's Home.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 6, is terminated as moot in light of Plaintiff's subsequent filing of the Amended Complaint; and the Court further

**ORDERS** that Plaintiff's Title VII and ADA claims against Defendants Dermody and Sickler and Plaintiff's First Amendment and PPPL claims against all Defendants be **DISMISSED with prejudice and without leave to amend**; and the Court further

**ORDERS** that Plaintiff's Title VII and ADA claims against Children's Home and Plaintiff's NYSHRL and FLSA claims against all Defendants be **DISMISSED without prejudice and with leave to amend**; and the Court further

**ORDERS** that any amended complaint must be filed **within thirty (30) days** of the filing date of this Order; and the Court further

**ORDERS** that, if Plaintiff timely files an amended complaint, it shall be referred to Magistrate Judge Stewart for review; and if Plaintiff fails to file a timely amended complaint, the Clerk is directed to close this case without further order of this Court; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all Parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 4, 2026
      Albany, New York

Anne M. Nardacci
U.S. District Judge